[Filed November 13, 1886.]

## WILLIAM NEWHOUSE *v.* S. A. NEWHOUSE.

DIVORCE—DISMISSAL OF SUIT—CONTEMPT.—Where, after issue joined in a divorce suit brought by the husband, the court made an order directing the plaintiff within thirty days to pay into court for the use of the defendant a sum of money to enable her to defend, and the plaintiff failed to comply within the time named, but at the ensuing term of court deposited the money with the clerk, and at the same time filed his affidavit, showing that his default was owing to his inability to raise the sum within the time prescribed, it was error to dismiss the suit upon the ground of such default.

SAME.—The facts disclosed do not present a neglect or refusal to obey the order of the court from contumacy or fraudulent conduct, and the reason assigned for the delay constitutes a sufficient excuse to purge the contempt.

MARION COUNTY.    Plaintiff appeals.    Reversed.

*J. J. Whitney* and *W. R. Bilyeu*, for Appellant.

When the plaintiff showed to the court that he was unable to comply with its order by paying the required sum within thirty days, and then tendered and offered to pay, the court was bound to allow him to do so. (*Caughlin* v. *Ehlert*, 39 Mo. 285 ; *Carlton* v. *Carlton*, 44 Ga. 220 ; *Anderson* v. *Wood et al.*, 80 Ill. 15; *Pain* v. *Pain*, 80 N. C. 325 ; *Waters* v. *Waters*, 49 Mo. 388.) There is no difference under our statute between the enforcement of a decree for the payment of money, and an intermediate or decretal order for the payment of money. (*Piatt* v. *Piatt*, 9 Ohio, 38; *Olin* v. *Hungerford*, 10 Ohio, 271 ; Herman on Executions, 32.) At all events, the courts would have no authority for entering a final decree, dismissing the plaintiff's suit, when it appears that he was unable to comply with its order. (*McCrea* v. *McCrea*, 58 How. Pr. 220 ; *Peel* v. *Peel*, 50 Iowa, 522 ; *Hogue* v. *Hogue*, 53 Iowa, 377 ; *Adams* v. *Haskell*, 6 Cal. 318.)

*L. H. Montanye* and *H. E. Courtney*, for Respondent.

The power to punish for contempts or refusals to obey its orders is inherent in every court of justice, and there is no abuse of discretion on the part of a court in refusing to proceed to the trial of a cause until its order, made *pendente lite*, is complied with, and it may even dismiss the case. (*Winter* v. *Winter*, 11 Pac. Rep. 630 ; *Purcell* v. *Purcell*, 3 Edwards, Ch. 206 ; *Froman* v. *Froman*, 52 Mich. 581 ; *Rose* v. *Rose*, 53 Mich. 585; *Lewis* v. *Lewis*, 3 Johns. Ch. 519 ; *Denton* v. *Denton*, 1 Johns, Ch. 364 ; 1 Bishop on Marriage and Divorce, note 2, p. 830 ; 2 Bishop on M. & D., p. 395, Secs. 395 and 400 ; *Hanes* v. *Hanes*, 35 Mich. 138; *Wyatt* v. *Wyatt*, 10 Pac. Rep. 228, and note on page 230 ; *Cleghorn* v. *Cleghorn*, 5 Pac. Rep. 516 ; *McGee* v. *McGee*, 10 Ga. 477 ; *Perkins* v. *Perkins*, 18 Cal. 60.)

LORD, C. J.—The plaintiff brought suit for a divorce. After issue joined, the defendant appealed to the court for an allowance to enable her to defend. The court granted the application, and ordered the plaintiff to pay into court for the de-

fendant, within thirty days, the sum of one hundred dollars. The plaintiff failed to comply with the order in the time named, but at the ensuing term of the court the plaintiff deposited with the clerk of the court the sum ordered to be paid, and at the same time filed his affidavit to the effect that his default was due to his inability to raise the sum within the time prescribed, and not a willful or negligent disregard of said order.

The defendant, by her counsel, filed a motion to dismiss the suit at the plaintiff's cost, for the reason that he had failed and refused to comply with the order of the court. The court granted the motion to dismiss, and made an order to that effect, on the ground that the plaintiff had failed to comply with the order in the time prescribed. The overruling of the plaintiff's motion and the dismissal of said cause, are assigned as the ground of error.

Under our code, the court or judge thereof may enforce an order or decree in a suit other than for payment of money, by punishing the party refusing or neglecting to comply therewith as for contempt. (Code, Sec. 402.) The authority of the court to make the order of allowance and to enforce obedience is not disputed, when there is a willful or negligent failure to comply with such order. Cause was shown, uncontroverted, so far as disclosed by this record, why the plaintiff had not yielded strict compliance with the order. Any intentional contempt of the court's authority is rebutted by the admitted facts. It was not a refusal to obey, but an inability, owing to poverty, to comply with the order in the time prescribed. He did deposit the money ; not, it is true, within the thirty days, but he made oath as to the reason of non-payment, that it was the want of money, and the inability to raise or procure it within the period of the order, and not any negligent or willful disregard of the authority of the court which occasioned the delay.

Mistake, misfortune, inability from poverty, or other equivalent cause, when shown to exist, have always been held in equity a sufficient excuse for non-payment of money, or failure to comply with an order, and to purge the contempt. To the prayer originating in such cause, equity will lend a listening

ear, and grant such relief as the merits of the facts authorize. If, then, the plaintiff has brought himself within these recognized grounds, he is not in contempt; and if not in contempt, there can be no justification for dismissing his suit.   We do not mean to say that a party refusing to obey an order to pay such an allowance cannot be lawfully punished, or that the court cannot compel or enforce obedience to its orders or decrees.   What we do say is, that the facts disclosed do not present a case of neglect  or refusal to obey the order from contumacy or fraudulent conduct, but from the want of means, which, as soon as procured, although not within the time limited, were deposited ; and  the reasons assigned for the delay constitute a sufficient excuse to purge the contempt.

Upon such a state of facts, to dismiss the party's suit is an authority which, if it may be exercised, ought certainly to be exercised only in extreme cases, when other punishment cannot be inflicted, or will not compel obedience.

We think there was error, and the order must be reversed.