Motion to dismiss appeal denied November 19, 1929; argued
January 21; affirmed January 28; rehearing denied
March 4, 1930

STATE ex rel. LA FOLLETT *v.* LA FOLLETT

(284 P. 283)

*John Bayne* and *Guy O. Smith,* both of Salem (John A. Jeffrey of Portland on the brief) for appellant.

*Guy L. Wallace* of Portland (James F. Alexander of Portland on the brief) for respondent.

RAND, J. This appeal is from a judgment adjudging the defendant in contempt for failure to comply with an order directing the payment of money. The facts are these: On May 27, 1929, in a suit then pending in the circuit court for Multnomah county, wherein defendant's wife was suing him for divorce, an order was made and entered requiring defendant to pay into court the sum of $75 per month for the support and maintenance of defendant's wife and their four minor children, and also to pay $75 for court costs and $50 as attorney's fees. Defendant failed to comply with said

order, or any part thereof, and on July 30, 1929, a duly certified copy of said order was personally served on him by the sheriff. On August 2, 1929, he still being in default, plaintiff filed two affidavits in said court, one made by plaintiff and the other by Mr. Alexander, her attorney, both reciting the entry of said order and defendant's failure to comply therewith, and in the affidavit made by Mr. Alexander personal service of the order on defendant was alleged. Upon the filing of the affidavits, an order was made and entered requiring the defendant to appear before said court on August 14, 1929, and show cause why he should not be adjudged guilty of contempt for his failure to comply with the order. At the appointed time defendant appeared in person and by counsel and, without moving to vacate the order requiring the payment of said moneys or offering any justification or excuse for his failure to comply therewith, he filed in the proceedings a paper denominated a demurrer, in which he challenged the sufficiency of the affidavit filed by his wife upon the ground that it failed to state that defendant had been served with a copy of the order and demand made for the payment of the money. No objection was made to the sufficiency of the Alexander affidavit, but defendant now claims that at the time of the hearing he had no knowledge of its having been filed. After argument thereon, the objection was overruled and thereupon defendant's attorneys stated in open court that defendant would stand upon his demurrer and that he refused to plead further. After this statement of defendant's counsel, the trial court then made and entered the judgment appealed from, holding the defendant to be in contempt and sentencing him to imprisonment in the county jail of said county for six months, but provided

in the judgment that defendant should be discharged from said imprisonment at any time upon payment of the moneys provided for in the order.

From this judgment and order defendant has appealed, contending that the affidavit made by Mrs. La Follett was fatally defective in that it failed to state that a copy of the order requiring the payment of said moneys was served upon defendant or that a demand had been made for payment. It is also contended that the judgment appealed from is void because no evidence was offered in support of the charge at the hearing and no findings of fact or law were made by the trial judge before entering the judgment. Plaintiff cites in support of his contention that an affidavit charging a person with contempt for failure to comply with an order directing the payment of money is fatally defective, unless it states that a copy of the order has been served and a demand made for payment, *State ex rel. v. Downing,* 40 Or. 309 (58 P. 863, 66 P. 917); *Trullinger v. Howe,* 58 Or. 73 (113 P. 4); and *State ex rel. v. Stillwell,* 80 Or. 610 (157 P. 970).

In the Downing case, Downing was a judgment debtor who had been cited to appear in a proceeding supplemental to execution. He refused to appear and a hearing was had in his absence and an order was made directing him to apply certain moneys, which were found to be in his possession and to belong to him, in satisfaction of the judgment. He failed to comply with this order and contempt proceedings were instituted. In the opinion written by Mr. Justice Moore it was broadly stated that an affidavit charging contempt must aver service of the order and demand payment of the sum awarded by a person qualified to make the same. After stating that the affidavit was defec-

tive in these particulars, the court said the answer, however, admits the issuance of the order and thereby cures the defect in the affidavit. The implication to be drawn from this decision seems to be that, notwithstanding the rule so broadly announced, knowledge of the contemner of the making of the order would take the case out of the operation of the rule and be sufficient.

In the Trullinger case it was again held that before a party can be brought into contempt for not complying with an order or decree of the court, service thereof must be made upon him and a demand be made that he comply therewith, but the court qualified the rule thus stated by saying: "Unless it appear that he has personal knowledge or notice of such order or decree, and this must be shown by the affidavit upon which the proceedings are based." In that case the contempt charged was defendant's failure to comply with a decree which required him to make such modifications in the structure of a dam as would permit logs to pass over it. The contemner was a party to this suit in which the decree had been rendered enjoining his operation of the dam in its then condition.

In the Stillwell case Mr. Chief Justice Moore again announced the rule in the same broad language as laid down in the Downing case and reversed the case because the affidavit failed to allege either service or demand. Mr. Justice Harris, however, in specially concurring, said: "The affidavit must show either that a copy of the order has been served, or that the party has actual knowledge of the making of the order." He concurred upon the ground that the affidavit failed to allege the truth of either of said facts.

In *State ex rel. v. Hambrecht,* 128 Or. 305 (274 P. 507), which was a contempt proceeding growing out of a divorce suit in which an order for the payment of alimony had been made, and a default made in the payment of a part of the sum provided for in the order, the court said:

"It is unnecessary that the initiatory affidavit aver that service of the copy of the order of payment, upon which the contempt is based, or demand of obedience to it, if the party against whom the proceedings are instituted has actual knowledge of the order."

In *State ex rel. v. Hewson,* 129 Or. 612 (277 P. 1012, 63 A.L.R. 1216), which was also a contempt proceeding growing out of a failure to pay alimony in a divorce suit, it was held that the affidavit should allege previous knowledge of the decree and demand for obedience of the order requiring the payment unless the necessity for such demand has been eliminated and that this necessity is eliminated where no immediate arrest is proposed and the filing of the affidavit is followed by a notice served upon the alleged contemner apprising him of the fact that the relator will on a day certain apply for a rule requiring him to show cause why he should not be punished for contempt for failing to comply with the decree.

The procedure followed in the instant case did not contemplate an immediate arrest and resulted in an order requiring defendant to show cause why he should not be punished for contempt and, hence, was strictly in accord with the procedure referred to in the Hewson case and, under that authority, it was not necessary for plaintiff to allege in her affidavit either previous knowledge by the defendant of the order or a demand

for payment, and, therefore, the objection to the sufficiency of the affidavit can not be sustained in respect to the particulars named.

In some jurisdictions statutes expressly require that before a party can be punished for a contempt for disobedience of a judgment, order or decree of the court, service of a copy of the order, judgment or decree and demand for compliance therewith must be made, but our statute contains no such provision. The only requirement contained in our statute is that, where the contempt was not committed in the immediate presence of the court, "the affidavit shall be sufficient if it set forth the facts constituting the contempt, and need not contain recitals of matters already appearing in the record of any action, suit or proceeding in which the person charged with contempt has been personally served with process." Section 673, Or. L., as amended by chapter 165, L. 1923, p. 238. The court may thereupon make an order upon the person charged to show cause or issue a warrant for his arrest. Before a party charged can be guilty of contempt for disobedience of an order requiring the payment of money, he must have knowledge of the order and an ability to comply therewith.

The defendant in the instant case was a party to the divorce proceeding; he was served with summons, personally appeared and was represented by counsel at all stages of the proceedings, and appeared in opposition to the making of the order requiring the payment of the moneys referred to. He, therefore, had knowledge of the making of the order and of the requirements contained in it and plaintiff's affidavit shows that he told her that he would never pay her one cent. Under

these circumstances neither the service of a copy of the order nor a demand for payment were facts or evidence of facts constituting the contempt and, hence, under the statute they were not essential to the validity of the affidavit. The statute did not contemplate, nor does it require, the statement of any fact or facts not essential to constitute the contempt charged. To read into the statute a requirement not contained in the statute and which is wholly foreign to it is judicial legislation. Cases often arise where a party whose property is affected by a decree may have no knowledge of its provisions and, therefore, service of a copy of such decree and demand for compliance may be a prerequisite or a condition precedent to his arrest and punishment for contempt; but where, as here, the record of the court shows that the defendant had knowledge of the terms of the order and wilfully refused to obey and possessed, as plaintiff's affidavit shows, ample ability to obey, the statute does not require the affidavit to state either service of the order or demand for compliance. The order itself was in the nature of a demand and when defendant knew of its entry and requirements, neither service nor demand was necessary under our statute. Hence, the affidavit was sufficient although it alleged neither of said facts.

We find no merit in defendant's last contention that the judgment holding defendant guilty of contempt is void because no evidence was offered upon the hearing and no findings of fact or law made by the trial court. It is true that when one accused of contempt is brought before the court for trial, he must be allowed to offer evidence and argument in his defense and, if denied the exercise of those rights, the judgment

against him would be absolutely void. Rapalje on Contempts (1884 Ed.), section 111. Yet a defendant may waive his rights in respect to either evidence or argument. Defendant, through his counsel at the hearing, stated to the court that he would stand upon his demurrer to the affidavit and that he would not plead further. That amounted to an express waiver upon defendant's part of any defense upon the facts and of all other defenses except his objection to the legal sufficiency of the affidavit and when the court found that the affidavit was sufficient it authorized the court to convict the defendant without the taking of any additional evidence and without making any finding of law or fact except the general finding of guilty and to enter judgment accordingly.

Finding no error in the record, the judgment is affirmed.

Coshow, C. J., McBride and Rossman, JJ., concur.