Argued February 23; affirmed March 21, 1933.
STATE ex rel. NICHOL *v.* NICHOL
(20 P. (2d) 221)

*Elton Watkins,* of Portland, for appellant.
*Earl F. Bernard,* of Portland, for respondent.

CAMPBELL, J. Appellant, who is a physician, filed a suit against his wife, Elizabeth C. Nichol, for divorce in the circuit court for Hood River county. While the suit was pending, the defendant therein applied to the court for an allowance for support for herself and minor child pendente lite. Upon a hearing, where all the parties were represented, the court made an order requiring plaintiff therein to pay to the clerk of the court for the support of the defendant therein, and her minor child, the sum of $200 per month, the

first payment to be made February 1, 1932, and a like sum to be paid the first of each and every month during the pendency of the cause. Appellant made the first payment and failed and refused to make any further payments.

On the 1st of May, there was due under said order, the payments for the months of March, April and May with the exception of a payment of $25.

On the 4th of May, 1932, the State of Oregon, on the relation of the said Elizabeth C. Nichol as plaintiff, presented to the court the above facts by affidavit and alleged willful refusal of the appellant to comply with the said order of the court. On her affidavit, the court made an order for appellant to appear and show cause why he should not be adjudged in contempt of court. Upon service of the order and in due time, the appellant filed a counter-motion, supported by affidavit in which he asked the court to reduce the monthly payments to $75.

In his affidavit, he deposes to the effect that he is unable to comply with the order of the court; that his net income for the months of January, February, March, April and May, was only $742 and that he had various other outstanding bills; that the respondent squandered and wasted what money he had paid her. He further deposes, ''That on April 29, 1932, a decree of divorce was issued to me by the Mexican court in the state of Chihuahua, city of Juarez of which plaintiff and her attorney had knowledge''. He further deposes to the difficulties he met with in making collections. The effect of the affidavit as a whole was that the appellant was unable to comply with the order of the court.

A hearing was duly had and testimony taken on behalf of relator as well as on the part of appellant,

after which the court made an order adjudging appellant in contempt and remanding him to the custody of the sheriff, until he should purge himself of the contempt by payment of the sum provided in the order, from which order this appeal is taken.

■ We fully agree with learned counsel for appellant that inability to pay is a complete defense to contempt proceedings for failure to comply with an order of the court to pay money, unless such inability is brought on by defendant's own contumacious conduct. *Newhouse v. Newhouse,* 14 Or. 290 (12 P. 422); *Snook v. Snook,* 110 Wash. 310 (188 P. 502, 9 A. L. R. 262 and note); see note to *Allen v. Woodward,* 22 A. L. R. 1260.

■ The only question presented by the pleadings and the evidence is the ability of appellant to comply with the order of the court.

The appellant showed lack of good faith in complying with the order by his attempted evasion of the court's order in his effort to get a bootleg divorce in Mexico. In his affidavit for a modification of the order, he asked that the amount of his payments be reduced to $75 per month; yet, he did not pay even that amount during the months in which he was in arrears. He made no effort to comply with the court's order, or to apply to the court for a modification thereof until he was forced into court by these proceedings. The evidence and the circumstances do not convince us of his inability to comply with the order of the court.

The decree of the circuit court should be affirmed.

The appellant having put up a stay-bond, it is further ordered that judgment be entered against the sureties for the sum of $575, the amount of the payment for which appellant was adjudged in contempt. Neither party is to recover costs in this court.

It is so ordered.

RAND, C. J., and BEAN and BAILEY, JJ., concur.