Argued February 26; reversed March 24, 1936

# STATE EX REL. HALL *v.* HALL

(55 P. (2d) 1102)

*Guy L. Wallace*, of Portland (Roscoe P. Hurst, of Portland, on the brief), for appellant.

*Thaddeus W. Veness*, of Portland, for respondent.

BEAN, J. This a proceeding for contempt. Defendant appeals from an adverse judgment. On November 28, 1931, a decree of divorce from defendant was granted Francis M. Hall, the relator, and she was awarded the care and custody of Delphine Virginia Hall, the minor child of the parties. It was ordered that defendant pay plaintiff $1,170 alimony, $218.50 thereof to be paid forthwith and the balance in monthly

installments of $25 each. It was further decreed that defendant pay $90 monthly for the support of plaintiff and the minor child. Several motions and affidavits to show cause why defendant should not be adjudged guilty of contempt were filed at different dates, which need not be referred to.

■■ On December 7, 1934, on motion of defendant, the court, by an ex parte order, modified the decree so as to require defendant to pay to the clerk of the court $25 for plaintiff on the 15th day of each month, as alimony, in lieu of the $115 per month. On March 18, 1935, plaintiff Francis M. Hall obtained an order of the court, without notice to or knowledge of defendant, requiring defendant to pay $30 to the clerk on or before 2 p. m. March 22, 1935, to be credited on defendant's delinquencies under the decree,

"and that on the 15th day of each month for the next four months he pay the sum of $55.00, $30.00 of which shall be likewise credited upon said delinquencies and thereafter upon the said date of each month the sum of $50.00 of which $25.00 shall be credited on account of said delinquencies * * *."

Defendant did not appear in court upon consideration of this matter either in person or by an attorney. The trial court had no jurisdiction or authority to make such change in the decree after the passing of the term at which the prior order was made without any service or notice of the motion to defendant, and the order of March 18, 1935, must be considered a nullity: § 6-915, Oregon Code 1930. As stated in 42 C. J. 558, § 274:

"An order of a court acting without authority in a particular case constitutes a mere nullity, regardless of the general powers or jurisdiction of the court."

On March 25, 1935, motion and affidavit of plaintiff's attorney were filed for an order for defendant to show cause why he should not be adjudged guilty of contempt for failure to comply with the order of March 18, 1935. A demurrer was interposed to the latter motion and order, which was sustained by the court on April 3, 1935, presumably on account of the irregularity of the order.

On July 17, 1935, the present proceeding was commenced and plaintiff filed a motion, supported by affidavit, for defendant to show cause why he should not be adjudged guilty of contempt for refusal to obey the court's order to pay alimony as heretofore ordered. The affidavit showed that $50 was due and payable July 15, 1935, and had not been paid. Upon a hearing being had on August 9, 1935, defendant was found guilty and sentenced to imprisonment in the county jail for a period of six months, and

"It is further ordered that defendant be granted a stay of execution until the 15th of August at which time he is ordered to pay into the registry of this court for the account of Use plaintiff the sum of $50.00 and a like sum on the 15th day of each month thereafter, $25.00 of each of said payments to be credited upon his delinquencies accrued to the date hereof under the prior orders of the court herein and if said payment payable on the 15th day of August, 1935 is not so paid then the sentence of this court to be immediately executed by the Sheriff of this county and if any payment thereafter ordered by the terms hereof is not paid upon the respective dates payable said sentence shall be immediately upon any such delinquency executed by the Sheriff of this county."

■ Prior to this proceeding there had been filed on June 17, 1935, a motion and affidavit for defendant to show cause and an order issued for defendant to show

cause why he should not be adjudged in contempt for failure to pay alimony as ordered by the court, but the record does not show that the court took any action thereon, and we see no reason for considering the same.

Plaintiff refers to the affidavit of June 17, 1935, called the "key affidavit", which is not referred to in the affidavit supporting the motion upon which the present proceeding was tried. If such affidavit is considered it would not change the amount of alimony due July 15, 1935. This affidavit of June 17, 1935, relates principally to the matter of the ability of defendant to pay.

 The present proceeding was brought, the record shows, for the reason that defendant failed to pay $50 maintenance and alimony on July 15, 1935, the same amount required by the order of the court modifying the decree made on March 18, 1935, with no notice to the defendant, which we have held to be a nullity. According to the order of the court dated December 7, 1934, modifying the decree there was due the sum of $25 July 15, 1935. Plaintiff states in the brief that judgment appealed from is based upon the *nunc pro tunc* order of December 7, 1934, which provides for the payment of $25 per month. It is stated in defendant's brief:

"Shortly before August 9, 1935, the defendant paid into the Clerk of the Court of Multnomah County the $25.00 due July 15, 1935, thus completing his monthly payments of $25.00 each from the date of the modification of the Decree, December 7, 1934, to and including July 15, 1935."

We understand that this statement is not questioned or disputed. If there is error in this respect the circuit court is hereby authorized to correct the same.

As we view the record, although it is much involved, this proceeding is an attempt to enforce a void order of March 18, 1935. The judgment appealed from, quoted above, is faulty on its face. It was proper for the court to grant a stay of execution until August 15. This is a proceeding for contempt based on a motion and affidavit and not a motion to alter or modify the decree for alimony, and the recitals in the judgment of the payments to be made, which seemed to follow the order of March 18, 1935, would not validate that decree or change the former decree for the payment of alimony and maintenance. The provision in the judgment that "if any payment thereafter ordered by the terms hereof is not paid upon the respective dates payable said sentence shall be immediately upon any such delinquency executed by the Sheriff" is a nullity. It is simply impossible under the law to pronounce defendant guilty of contempt in advance of the time for the performance of any condition. The circumstances may change entirely by the time those payments would be due and the defendant might be entirely incapable of making any part of the payment.

■ A defendant may show his inability to pay as a complete defense to a contempt proceeding for failure to comply with the order of the court to pay money unless such inability is brought on by defendants own contumacious conduct: *Newhouse v. Newhouse,* 14 Or. 290 (12 P. 422); *State v. La Follett,* 132 Or. 257 (284 P. 283); *State ex rel. v. Nichol,* 142 Or. 235 (20 P. (2d) 221).

■ It would have been a very easy matter in the present proceeding for plaintiff, in the motion or affidavit for defendant to show cause, to have given the date of the order that was claimed to be violated. Where there

are so many different orders this would appear to be quite necessary so that the defendant might know what he was required to meet.

There may be other delinquencies of defendant in the payments of alimony, and, if so, they are not embraced in this contempt proceeding.

■ Perhaps it should be noted that the court does not have the power to set aside, alter or modify a decree for alimony or support, or any portion thereof, which may provide for the payments of money, either for the nurture or education of minor children, or the maintenance of either party to the suit, which have accrued prior to the filing of such motion: § 6-915, Oregon Code 1930.

The judgment of the circuit court must be reversed and the cause remanded for such further proceedings as may be deemed proper, not inconsistent with this opinion.

■ In view of the fact that this is a proceeding in an attempt to carry out and enforce a decree in regard to alimony in a divorce case, no costs will be taxed to either party.

It is so ordered.

RAND, ROSSMAN and BAILEY, JJ., concur.