## STATE EX REL. MALLETT *v.* SHANNON

(64 P. (2d) 87)

Department 2.

*Howard P. Arnest,* of Portland for appellant.

*Kern Crandall,* of Portland, for respondent.

RAND, J. In 1924, the relator, Norma Shannon, obtained a decree of divorce from George W. Shannon,

the defendant in these contempt proceedings, and was awarded the custody of their minor son who was then about five years of age. There was no provision in the decree requiring the defendant to pay either alimony or for the support of the child.

In 1926, both of said parties remarried and some four years later relator's second husband died. Thereafter, and in June, 1931, she applied to the court for an order requiring the defendant in these proceedings to contribute to the support of their minor child and an order was entered requiring him to pay to the plaintiff for the support of the child the sum of $25 per month.

In compliance with this order the defendant paid said sum each month up to and including the month of September, 1932. At the time the order was made, the defendant had a steady job and was earning the sum of $175 per month. This job he lost about July, 1932, and, since that time, he has found employment whenever he could and, since then, his earnings have averaged much less than $100 per month, out of which he has supported himself and his present wife and has contributed to the support of the minor child in all the total sum of $182.50, leaving a balance unpaid of $842.50.

For some time prior to the commencement of these proceedings, the defendant has been employed as a private watchman and has been paid by the parties whose premises were watched. After paying the necessary expenses incurred by him as such watchman, his income was less than $100 per month.

The minor child was born on May 18, 1919, and will be 18 years of age next May. So far as the evidence

shows, he is able-bodied and able to contribute somewhat to his own support. The relator is employed as a clerk in the city attorney's office in the city of Portland and receives a salary of $100 per month.

The trial of these proceedings was had before the Honorable George Tazwell, circuit judge, and it was before him that the decree was granted and the order requiring the defendant to pay $25 per month for the support of the son was made. Upon proof of the facts above stated and because of defendant's inability to pay the sum of $25 per month as required by the order of the court, Judge Tazwell modified his former order and required the defendant to pay to the plaintiff the sum of $10 per month for the support of the son, and $2.50 per month to apply upon the old account, and refused to hold the defendant in contempt because of his inability to comply with the order of the court.

It is well settled in this state that inability to pay money in compliance with a decree, where such inability is not brought about by the party himself with the intention of avoiding payment, is a good defense in contempt proceedings. In *Newhouse v. Newhouse,* 14 Or. 290 (12 P. 422), the plaintiff husband brought suit for a divorce and was, by an order of the court, required to pay into court within thirty days a sum of money to enable the wife to defend. He failed to pay the money within the time prescribed but, at the ensuing term, deposited it in court accompanied by his affidavit showing that his default was owing to his inability to raise the money within the prescribed time. Notwithstanding the excuse thus offered, the trial court held him to be in default and dismissed the suit. In reversing this case, the court, through Mr. Chief Justice Lord, said:

"Mistake, misfortune, inability from poverty, or other equivalent cause, when shown to exist, has always been held in equity a sufficient excuse for non-payment of money, or failure to comply with an order, and to purge the contempt. To the prayer originating in such cause, equity will lend a listening ear, and grant such relief as the merits of the facts authorize. If, then, the plaintiff has brought himself within these recognized grounds, he is not in contempt; and if not in contempt, there can be no justification for dismissing his suit. We do not mean to say that a party refusing to obey an order to pay such allowance cannot be lawfully punished, or that the court cannot compel or enforce obedience to its orders or decrees. What we do say is, that the facts disclosed do not present a case of neglect or refusal to obey the order from contumacy or fraudulent conduct, but from the want of means, which, as soon as procured, although not within the time limited, were deposited; and the reasons assigned for the delay constitute a sufficient excuse to purge the contempt."

The principle there announced has been followed and approved by this court in *State ex rel. v. La Follett,* 132 Or. 257 (284 P. 283), and in *State ex rel. v. Nichol,* 142 Or. 235 (20 P. (2d) 221), where it was held that:

"* * * inability to pay is a complete defense to contempt proceedings for failure to comply with an order of the court to pay money, unless such inability is brought on by defendant's own contumacious conduct."

It was also followed and approved in *State ex·rel. v. Hall,* 153 Or. 127 (55 P. (2d) 1102). In Schouler on Marriage and Divorce (6th Ed.), Vol. 2, § 1843, he says:

"Failure to pay alimony as ordered is not a contempt per se, but will be when the defendant is of sufficient ability to pay."

■ Under the evidence offered in this case, it seems clear that the defendant has never wilfully refused to

comply with the order of the court and that his default resulted wholly from his inability to pay the moneys in the amounts prescribed and, for that reason, we think that the decree of the lower court in refusing to hold the defendant guilty of contempt and in reducing the amount of the payments subsequently to be made from $25 to $10 per month was warranted from the evidence. The decree, therefore, will be affirmed but without costs to either party in this or the court below.

Decree affirmed.

BEAN, C. J., and ROSSMAN and BAILEY, JJ., concur.