Submitted on records and briefs October 27, affirmed
November 2, 1970

## MULTNOMAH COUNTY, *Respondent, v.*
## LORENE GLASS, *Appellant.*

475 P2d 981

Bartlett F. Cole, Portland, filed the brief for appellant.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

PER CURIAM.

Defendant has appealed from a decree entered December 2, 1969, which found her in contempt of court for violating a decree entered October 23, 1967. This court, pursuant to Rule 42, ordered the case submitted on briefs without oral argument.

Defendant's abstract on appeal includes pleadings and rulings pertaining to the 1967 decree, from which there was no appeal, but nothing pertaining to the 1969 decree except the decree itself. Her brief is devoted entirely to an attack on the 1967 decree. The questions presented on appeal refer to rulings found only in the 1967 decree.

Defendant cannot, at this late date, appeal from the 1967 decree, even though the trial court retained jurisdiction. That decree was final in form and content. It adjudicated the issues presented to the court at that time. It is evident from the language of the decree that the trial court intended its retention of jurisdiction to be for the purposes of supervision, not a lack of finality. When a decree concludes every issue presented by the pleadings, it is final and appealable, and the appeal time starts to run. See *Slipp et ux v. Amato et ux*, 231 Or 512, 373 P2d 673 (1912); *Lyon v. Mazeris et al*, 170 Or 222, 132 P2d 982 (1943).

Even though defendant has raised no issues relative to the 1969 decree from which she appealed, we have examined the testimony presented in the 1969 trial. We find, as did the trial court, that defendant wittingly failed to comply with the first decree. That failure was a sufficient basis for the entry of a second

decree adjudging her guilty of contempt and imposing
a penalty.

Affirmed.