Submitted on record and briefs October 28, affirmed November 30, petition for rehearing denied December 29, 1982

# DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

# BAILEY,
*Appellant.*

## (OTC 1469, SC 28374)

653 P2d 1264

Ken E. Bailey, appellant, filed a brief pro se.

Walter J. Apley, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

TANZER, J.

**TANZER, J.**

This is an appeal from an order of civil contempt jailing defendant until he complies with a peremptory writ of mandamus issued by the Tax Court which required defendant to file income tax returns for the calendar years 1973 through 1979.

The mandamus proceeding was brought under ORS 314.365.[1] Defendant made several preliminary motions which were denied. A hearing was held, but defendant did not appear in person or in writing. The Department of Revenue presented prima facie evidence indicating that defendant had taxable income during the years in question. The writ issued. Although ORS 314.365 provides that an appeal may be taken from the mandamus judgment, defendant took no appeal.

Several months later, this contempt proceeding was brought. Defendant appeared in person. The court found that no returns had been filed pursuant to the writ. Defendant offered an argument based loosely on a claim of privilege against self-incrimination. He was found in contempt and ordered to jail until he filed the returns. He appeals the order of contempt.

Defendant contends in his brief on appeal that the order was not lawful. The most colorable contention of unlawfulness is based upon an assertion of the privilege against compulsory self-incrimination. His brief is composed of elaborations of that assertion, few of which were

---

[1] ORS 314.365 provides:

"If a taxpayer fails to file a return within 60 days of the time prescribed by any law imposing a tax upon or measured by net income, the judge of the Oregon Tax Court, upon petition of the department, or of any 10 taxable residents of the state, shall issue a writ of mandamus requiring the person to file a return. The order of notice upon the petition shall be returnable not later than 10 days after the filing of the petition. The petition shall be heard and determined on the return day or on such day thereafter as the court shall fix, having regard to the speediest possible determination of the case, consistent with the rights of the parties. The judgment shall include costs in favor of the prevailing party. *An appeal may be taken from the judgment by the taxpayer* or the department *to the Supreme Court in the manner that appeals are taken in suits in equity,* irrespective of the amounts involved. All writs and processes may be issued from the office of the clerk of the tax court, and, except as otherwise provided in this section, shall be returnable as the court shall order." (Our emphasis.)

articulated before the Tax Court. His contention goes more
to the correctness of the underlying writ than to the
lawfulness of the contempt order enforcing it, but the
Department of Revenue has not defended on that basis and
has answered on the merits. Assuming for argument that
the validity of an appealable order can be challenged in a
proceeding to enforce it, *but see State v. LaFollette,* 100 Or
1, 7-8, 196 P 415 (1921), and *Multnomah Co. v. Glass,* 3 Or
App 591, 475 P2d 981 (1970), the merits of defendant's
contentions in this appeal were decided adversely to him in
*Dept. of Revenue v. McCann,* 293 Or 522, 651 P2d 717
(1982).

Affirmed.