William GIORDANO,
*Respondent,*

*v.*

AEROLIFT, INC.,
a Colorado corporation,
and W. Larry Mahaffey,
*Defendants,*

*and*

John AIKMAN,
Fred Phillips and Willard Haunschild,
Directors, Aerolift, Inc.,
*Appellants.*

(87-2115; CA A66909)

840 P2d 748

Michael J. Gentry, Portland, argued the cause for appellants. With him on the briefs was Tooze Shenker Holloway & Duden, Portland.

James M. Brown, Salem, argued the cause for respondent. With him on the brief was Enfield, Guimond & Brown, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Aikman, Phillips and Haunschild[1] are members of the Board of Directors of Aerolift, Inc. Plaintiff brought an action against Aerolift and Mahaffey, a director and the chief operating officer of the corporation, and was awarded money judgments against both.[2] Aerolift had its principal office in Tillamook, and the breach of contract giving rise to plaintiff's action against Aerolift occurred in Oregon. After the judgment, the court entered a restraining order prohibiting disposal of Aerolift's assets from which plaintiff's judgment might be satisfied. The order was served on Aerolift and on Mahaffey, who, at all relevant times, was in operational control of the corporation. Thereafter, Mahaffey caused various Aerolift assets to be sold. Plaintiff then instituted contempt proceedings against Aerolift, Mahaffey and the three directors, seeking also to obtain indemnity pursuant to *former* ORS 33.110, *repealed by* Or Laws 1991, ch 724, § 32, for the violation of the restraining order.

The trial court issued a show cause order to all of the defendants. Aikman and Phillips are not Oregon residents and did not appear at the show cause hearing, but requested that they be allowed to testify by telephone. The court denied the request and held them in contempt for failing to appear. That was the first contempt order. After the hearing and after considering depositions by Aikman and Phillips, apparently given in the underlying action, the court held the three directors, as well as the corporation and Mahaffey, in contempt for violating the restraining order. It also entered a judgment against them for indemnity on the ground that the contempt caused "loss or injury" to plaintiff. *Former* ORS 33.110. The directors appeal both the contempt orders and the indemnification judgment. We affirm in part and reverse in part.

■  Aikman and Phillips first argue that the court lacked personal jurisdiction over them. The trial court concluded that the nature of their activities in Oregon as directors

---

[1] We refer to them by name, where differentiation is required, and as "directors" where it is not.

[2] We affirmed the judgment against Mahaffey in *Giordano v. Aerolift, Inc.*, 109 Or App 122, 818 P2d 950 (1991). Aerolift did not appeal.

provided the necessary contacts. They argue that their general activities as directors and participants in Aerolift's affairs are not enough and that the contempt jurisdiction inquiry depends solely on their "amenability * * * to a post-judgment individual contempt citation for the post-judgment activities of Mahaffey as Aerolift's CEO in selling certain assets." They cite no authority for that, and we do not find it persuasive. Jurisdiction was properly based on their involvement in Oregon, as directors and otherwise, in the affairs of the corporation. Their lack of a specific involvement in the restraining order proceeding and the purported violation of the order is relevant to their liability for any violation, but it is not decisive as to personal jurisdiction. We conclude that the show cause orders were properly issued.

■        In their second assignment, Aikman and Phillips argue that the court erred in holding them in contempt for their non-appearance, because it should have allowed their requests to testify by telephone. On *de novo* review, we conclude that the court did not err by holding them in contempt for failing to appear.

■        The directors argue in their next assignment that the trial court erred in holding them in contempt and individually liable for indemnity under *former* ORS 33.110 for violations of the restraining order. They contend that the court's findings and the evidence do not support or establish the connection between them and the violation of the restraining order necessary to support the contempt holding or the imposition of damages. The trial court found[3] that none of the directors participated in the proscribed sale of assets, but that they knew about the existence of the restraining order. However, it acknowledged that the evidence supporting that finding was circumstantial. The court's decision was based in large part on its understanding that, as directors, they had a duty to know about the corporation's affairs. However, there is no evidence to support the trial court's finding that they actually knew about the order. There is also no evidence that any of them even knew that the sales were taking place.

The essence of the court's reasoning is that the directors put Mahaffey in charge of Aerolift and that they

---

[3] By consent of the parties, the findings were stated on the record but were not incorporated in the judgment.

knew that plaintiff was attempting to collect his judgment, that Aerolift was short on funds and that Mahaffey did not like plaintiff or, inferentially, the idea of paying him. The court's thesis was that the directors, as corporate officials and as persons versed in business affairs, knew, or should have known, that something wrong was going on and stopped it. It concluded that the directors' lack of diligence and failure to supervise Mahaffey amounted to gross negligence.

Even assuming the correctness of the trial court's negligence conclusion, it does not support the directors' personal liability. The court said in *Dept. of Rev. v. Carpet Warehouse*, 296 Or 400, 407, 676 P2d 299 (1984), that "it has been held that writs of mandamus may be issued against corporate entities. If the obligations implanted upon the corporation are not fulfilled, the responsible agent may be punished for contempt." However, after citing with apparent approval cases from other jurisdictions, the court added:

"These cases hold that when the party charged with contempt had no notice of the underlying matter, was not before the court in any way, or was not acting as servant or agent for the named defendants, then the court lacked jurisdiction to issue the contempt order to the party." 296 Or at 408.[4]

Similarly, here, the directors were simply unwitting bystanders to the actions that Mahaffey, the operating officer of Aerolift, took in violation of the restraining order. They were not parties to the underlying action or the restraining order, and they were not acting as the agents of Aerolift or Mahaffey in connection with the order or anything else relevant to this case. Mahaffey was Aerolift's corporate management agent. The directors lawfully assigned that function to him, but they did not authorize his unlawful activities. Plaintiff argues, and the trial court concluded, that the directors should be held liable, because they remained bystanders. However, for purposes of *plaintiff's* relationship with the directors, that is the precise reason why individual liability was inappropriate.[5]

---

[4] *Carpet Warehouse* dealt with a writ of mandamus. However, its reasoning is equally applicable to other judicial orders directed to a corporation.

[5] ORS 33.025(3), enacted by Or Laws 1991, ch 724, § 2, provides:

"The board of directors and high managerial agents shall be subject to the contempt powers of a court for contempt by a corporation, if those persons

Judgment against Aikman, Phillips and Haunschild for contempt for violating restraining order and for indemnity reversed; otherwise affirmed.

---

engage in, authorize, solicit, request, command or knowingly tolerate the conduct constituting contempt."

That statute was not in effect during the relevant events.