IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ALAN A. RUDEN and JUDY A. RUDEN, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 190039R |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR** |
| Defendant. | ) | **SUMMARY JUDGMENT** |

At the case management conference on April 3, 2019, the parties agreed to resolve the case by cross-motions for summary judgment. Joint Stipulated Facts were filed on June 4, 2019, along with Plaintiffs' Legal Arguments. Defendant filed its legal arguments on July 5, 2019. Neither party requested oral argument.

## I. FACTS

The following facts were stipulated by the parties. A tax return was electronically filed with the Oregon Department of Revenue on April 17, 2018, for tax year 2017 that did not claim the pass-through entity (PTE) reduced tax rate using Schedule OR-PTE-FY. An amended tax return was filed with the Oregon Department of Revenue on October 2, 2018, for tax year 2017 that claimed the pass-through reduced tax rate using Schedule OR-PTE-FY. A Notice of Proposed Refund Adjustment was issued by the Oregon Department of Revenue on October 9, 2018, for tax year 2017 that denied the PTE reduced tax rate election, because the election was not made on the original return filed on April 17, 2018, and no amended return was filed by the same date. Plaintiffs objected to the proposed refund adjustment by filing a written objection, dated October 24, 2018, for tax year 2017. On November 27, 2018, Defendant issued a Written

Objection Determination disallowing the amended return filed on October 2, 2018, to be considered an original or replacement return, thus disallowing the election to use the PTE reduced tax rate.

The court also finds additional facts, contained in the parties' briefs, which are not in dispute and are helpful in understanding the case: Plaintiffs intended and understood that their tax preparer would submit a timely extension to file their 2017 state tax return. The tax preparer made an error and filed a state tax return on April 17, 2018, instead of filing an extension request. According to Plaintiffs, the state tax return was not signed or otherwise authorized by a form 8879 E-File Signature Authorization[1] and incomplete from their perspective.[2]

## II. ANALYSIS

Pass-through entities meeting certain criteria are eligible to elect a reduced tax rate calculation under ORS 316.043[3]. ORS 316.043(5) provides that the election is irrevocable and "shall be made on the taxpayer's original return." The issue in this case is whether an amended return, filed after the deadline, constitutes an "original return" for purposes of the PTE election. For the reasons set forth below the court holds that it does not.

/ / /

---

[1] Plaintiffs allege that the tax return was not properly verified. Proper verification of all returns is required by ORS 314.385(2). See also ORS 305.810; OAR 150-305-0460 (providing that authorized agent may verify tax return). Plaintiffs have not provided any other information or evidence that would allow the court to determine whether the returns were authorized and properly verified. As stated in TCR 47 D a party "may not rest upon the mere allegations" but must show that there is a genuine dispute of fact.

[2] It is true that, "tax returns are not tax returns within the definition of the Oregon tax laws [where] they contain *no information* from which tax liability can be calculated." *Department of Revenue v. Carpet Warehouse, Inc.* 296 Or 400, 406, 676 P2d 299 (1984) (emphasis added). In that case, the taxpayer provided tax returns that contained only the taxpayer's name and signature. *Id*. Here, Plaintiffs tax returns were incomplete but contained estimated income information and Plaintiff Alan Ruden's W-2 form. The return was accepted by Defendant and the parties stipulated that an Oregon tax return was filed on April 17, 2018.

[3] References to the Oregon Revised Statutes (ORS) are to 2015.

Plaintiffs rely primarily on the recent case of *Ivelia v. Dept. of Rev*., TC-MD 180054R, 2018 WL 6650859 (Or Tax M Div Dec 18, 2018). In *Ivelia*, taxpayers made a timely request to extend the deadline to file their federal tax return. Oregon automatically granted an extension to file a state return per Oregon Administrative Rule 150-314-0167. *Id*. at fn 2. The taxpayers then filed a state return prior to the extended deadline without electing the PTE rate. Taxpayers realized their error and filed an amended return prior to the extended deadline, choosing the PTE election. The court noted that "under federal tax law, the 'original return' includes any timely filed amendment including extensions and that 'irrevocable' elections are only irrevocable after the deadline for making the election." *Id*. at *3. The court held that "[u]nder ORS 316.587 and ORS 316.588, an amended return filed before the due date, including extensions, replaces or supplements the originally filed return becoming part of the original return. *The same treatment is not afforded to returns that are not timely filed*." *Id*. at *3 (emphasis added).

The italicized portion of the quotation above shows why Plaintiffs' reliance on *Ivelia* is misplaced—they did not file an extension request to file their 2017 tax returns and thus their amended return filed on October 2, 2018, was not timely. Consequently, their failure to elect the PTE rate on their originally filed return became irrevocable.

Plaintiffs assert that *Ivelia* can be distinguished because they reasonably believed their tax preparer had filed a timely request for an extension to file their 2017 tax return. Defendant cites *McMahan v. Comm'r*, 114 F3d 366 (2nd Cir 1997), for the proposition that a taxpayer is bound by the error of their agent. The court agrees. In *McMahan* the issue was "whether, as a matter of law, reliance on an agent to file an application for an extension of time to file a federal tax return constitutes reasonable cause for failure to file the return timely, and thereby exempts taxpayer from the late-filing penalty otherwise required by § 6651(a)(1)." *Id*. at 367. The court

held that "reliance on an agent to file a timely extension request does not exempt a taxpayer from the late-filing penalty." *Id.* The error by Plaintiffs' agent in this case does not give them the right to change their PTE election after the deadline to file their return. Oversight or error does not lessen the binding nature of an election. *See Smith v. Dept. of Rev.*, TC-MD 020050F 2002 WL 598453 (Or Tax M Div Apr 15, 2002).

The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C, which states in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial."

After careful consideration, the court finds that there is no genuine issue of material fact and that Defendant is entitled to prevail as a matter of law. Plaintiffs timely filed 2017 tax return, which did not take the PTE rate election, became irrevocable on the deadline to file a timely 2017 tax return. Plaintiffs' late filed amended tax return taking the PTE election for the 2017 tax year was invalid. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS ORDERED that Plaintiffs' motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

Dated this ____ day of July, 2019.

_____
RICHARD DAVIS
MAGISTRATE

*This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.*

*This document was signed by Magistrate Richard Davis and entered on July 30, 2019.*