Pearson, J.
 

 ' The defendant was under subpoena to attend as a witness at two places on die
 
 same day.
 
 To do so was impossible. He attended at one of the places, and shows this as cause for not attending at the other.
 

 The plaintiff says, “my subpoena was
 
 first served,
 
 and, therefore, I had the best claim to your attendance.” The question is, does the fact that the .subpoena in the plaintiff’s case was first served, give him a paramount right., so as to entitle him to enforce ¿the penalty of forty dollars given by statute, notwithstanding the cause shown?
 

 The statute under which the plaintiff claims the penalty, makes no provision for such a case, and it remains to ■ be seen whether
 
 *479
 
 there is any principle of the common law which sustains the plaintiff’s right to enforce the penalty. The plaintiff says, by the principle of the common law, if A. agrees for a consideration to sell to B. a lot of cotton, and afterwards sells it to O., B. may maintain an action against A. for a breach of contract. Granted ; but the principle does not apply to our case for two reasons : 1, the defendant made no contract to attend as a witness. The obligation to attend was imposed on him by
 
 his sovereign,
 
 and this is not a question of damages for breach of contract, but one of forfeiture and penalty for not- obeying
 
 a command of the State.
 
 2, suppose the legal effect of the service of the subpoena to be a
 
 quasi
 
 contract — the common law gives no penalty for the breach of a contract, and the remedy at common law is not by
 
 scire fa-cias,
 
 for a penalty, but an action on the case for damages.
 

 There being no statute, we are not able to see any principle by which the defendant was obliged to obey the subpoena first served, when by doing so, he must necessarily disobey a subpoena after-wards served. We therefore can see no reason why a witness in such a case may not make his election at which place to attend. Suppose one under subpoena in a civil suit happens to witness a capital felony, and is bound by recognizance to attend at the trial — is he obliged to obey the subpoena or forfeit his recognizance ?
 

 The inconvenience presented by this case has so seldom occurred, that no provision for it has been made by the Legislature. It is the power of this Court to declare what the law is, but it has no power to make law.
 

 In the case of the Governor, Secretary of State, Judges, Solicitors for the State, &c., whose duty requires them to be at particular places, at particular times, provision is made for taking their testimony by deposition. The position of these officers before the statute was similar to that of a witness subpoenaed to attend at two places on the same day. It is true the former were under a general obligation to be at certain places at certain times, whereas the latter was only under a special obligation ; but the principle is the same. The Legislature has provided for the one case because of the general inconvenience : whether it be necessary to provide for a case like the present, which may not happen
 
 *480
 
 again in five years, is a matter for the consideration of the General Assembly. All we can do is to say, the case has not been provided for by statute, and the common law does not give the plaintiff a right to enforce the penalty.
 

 PeR Cueiam. Judgment affirmed.