Argued February 9; affirmed March 22, 1938

# STATE EX REL. GROVER *v.* GROVER
### (77 P. (2d) 430)

Department 1.

. *John A. Jeffrey* and *Joseph E. Harvey*, both of Portland, for appellant.

*Zanley F. Galton*, of Portland (Mark A. Paulson and Goldstein & Galton, all of Portland, on the brief), for respondent.

BELT, J.   Defendant appeals from a judgment imposing upon him a sentence of six months in the county jail for wilful failure to obey a decree to pay alimony for support of plaintiff and her minor son.

On June 4, 1937, the court, upon motion of plaintiff, cited defendant to appear on June 9, 1937, and show cause why he should not be adjudged in contempt. Although such order, together with affidavit charging contempt, was served in person on defendant, he failed to make any appearance.   On June 10, 1937, the court

directed that a warrant be issued for the arrest of defendant on the charge of contempt. On June 12, 1937, defendant appeared in person and the court, after hearing, adjudged that defendant was guilty of contempt as charged.

On this appeal there is no transcript of the evidence. The sole question for consideration is whether sufficient facts are averred in the affidavit to show that defendant is guilty of wilful disobedience of the order and decree requiring him to pay alimony. The affidavit is as follows:

"State of Oregon, ex rel
Mary Grover, Plaintiff,
     vs.
Charles Garfield Grover, Defendant.

State of Oregon      }
County of Multnomah }ss:

"I, Morris A. Goldstein, being first duly sworn, depose and say:

"That I am one of the attorneys for plaintiff in the above entitled suit;

"That a decree of Divorce has heretofore been entered in the above entitled Court and suit, which among other things provided that the plaintiff therein was awarded the sum of Twenty Five ($25.00) Dollars per month as permanent alimony for the support of plaintiff and her minor son, Robert W. Grover, beginning with the 15th day of November, 1933, and that there is now due your plaintiff $1062.50 with interest thereon at the rate of 6 per cent per annum from the 15th day of November, 1933; the further sum of $75.00 as attorney's fees and suit money; the further sum of $33.75 for the costs and disbursements of this suit;

"That by virtue of the non-payment of the above sums, the defendant has not complied with the Order of Court, and the defendant *has wilfully disobeyed the said Order of said Court*;

"That I verily believe that the defendant has deliberately disobeyed the Order of Court, and I therefore ask that the defendant be immediately brought before the Court, and show cause, if any there be, why defendant should not be adjudged in contempt of Court. (Italics ours.)

MORRIS A. GOLDSTEIN

Subscribed and sworn to before me this 4th day of June, 1937.

SAM S. JACOBSON

Notary Public for Oregon
My commission expires 12/19/37."

The verification of the above pleading was made by Morris A. Goldstein, "Counsel for plaintiff".

██ In our opinion, the affidavit above set forth is sufficient to charge the defendant with contempt. It specifically avers the violation of a decree wherein the defendant was required to pay alimony to plaintiff and her minor son. There is no merit in the contention that Morris A. Goldstein is not an attorney of record in the case and that he is not a proper party to make such affidavit. Such affidavit as required by § 8-504, Oregon Code 1930, may be made by any person who knows the facts. See *State ex rel. v. McKinnon*, 8 Or. 487, directly in point and adverse to the contention of appellant.

██ It was not necessary to aver the ability of the defendant to pay the alimony, as such matter is one of defense: 13 C. J. 66 and see cases in notes 40 A. L. R. 550 and 31 A. L. R. 649. When the decree was rendered, the ability of the defendant to pay alimony was adjudicated. The circuit court, on the contempt hearing, found defendant was able to pay but had wilfully refused to do so. There is nothing in the record before us to indicate that such finding is not correct. Error will not be presumed.

It is also contended that the affidavit is fatally defective in that it "fails to show that appellant herein ever had any knowledge or notice of said decree, or any ability to pay the same." This is the vital point in the case.

■■■ This court has often stated what recitals are essential in affidavits charging indirect contempt of court, but most of these decisions were rendered prior to the amendment of section 673, Or. L. in 1923 (Laws 1923, Ch. 165, § 3) now codified as section 8-504, Oregon Code 1930, which provides:

"* * * The affidavit shall be sufficient if it set forth the facts constituting the contempt, and need not contain recitals of matters already appearing in the record of any action, suit or proceeding in which the person charged with contempt has been personally served with process."

The effect of this amendment was greatly to simplify the initiatory pleading upon which the jurisdiction of the court is based. It appears from the record that defendant was personally served with process in the divorce proceeding. The legislature, in speaking of the person charged with contempt who "has been personally served with process," undoubtedly intended, by the use of the word "process" to include the personal service of summons and complaint. Hence, all that was necessary to set forth in the affidavit would be "facts constituting the contempt,"—viz, the decree requiring payment of alimony and the wilful violation thereof by the defendant. It is averred in the affidavit that defendant "wilfully" disobeyed the decree. How could he do so without knowledge of the decree? As stated by the United States supreme court in *Felton v. U. S.*, 96 U. S. 699 (24 L. Ed. 875):

"Doing or omitting to do a thing knowingly and wilfully implies not only knowledge of the thing, but a

determination with a bad intent to do it or to omit doing it.''

Mr. Justice RAND, speaking for the court in *State v. La Follett*, 132 Or. 257 (284 P. 283), said:

"In some jurisdictions statutes expressly require that, before a party can be punished for a contempt for disobedience of a judgment, order, or decree of the court, service of a copy of the order, judgment, or decree and demand for compliance therewith must be made; but our statute contains no such provision."

*State v. Hewson*, 129 Or. 612 (277 P. 1012, 63 A. L. R. 1216), is not to the contrary.

■ Of course, as a matter of proof, it would be necessary to show that defendant had knowledge of the decree, but when we turn to the record in the divorce case, as we are entitled to do by virtue of the statute, it is found that defendant was personally served with process in Multnomah county and, hence, must have had knowledge of the decree.

The judgment of the lower court is affirmed.

BEAN, C. J., and ROSSMAN and KELLY, JJ., concur.