Argued March 7, affirmed March 28, 1950

## STATE OF OREGON EX REL. MATHENY v. MATHENY

216 P. (2d) 270

*Norman K. Winslow,* of Salem, argued the cause and filed briefs for appellants.

No appearance by respondent.

Before LUSK, Chief Justice, and BRAND, BELT, ROSS-MAN and BAILEY, Justices.

BELT, J.

The relatrix, Mary Matheny, filed a suit against her husband for separate maintenance and support for herself and three minor children. To this suit the defendant filed a cross complaint for the purpose of obtaining a divorce. During the pendency of this suit the Circuit Court, Honorable Earl C. Latourette, Judge, presiding—now a member of this court—on July 22, 1946, made the following order:

"IT IS HEREBY ORDERED AND ADJUDGED that the temporary custody of the minor children of plaintiff and defendant be and the same is awarded to plaintiff until the 1st day of August, 1946; that during the month of August, 1946, the custody of said children is hereby awarded to defendant; that on the 1st day of September, 1946, said children shall be returned by said defendant to plaintiff; and the custody of said children is hereby awarded to plaintiff from said time until the date of the final decree herein.

"IT IS FURTHER ORDERED AND ADJUDGED that defendant pay to plaintiff the sum of $100 a month for the support of said children during the time plaintiff has the custody thereof under this order."

On June 19, 1947, the relatrix filed a motion for an order citing the defendant to show cause why he should not be held in contempt of court for failure to comply with the court's order relative to payment of money for support and maintenance of his wife and children. The motion is based on an affidavit of the relatrix wherein it is averred that defendant is delinquent in his payments in the sum of $900.00, although he is "able to pay the same." The defendant filed a counter affidavit in the nature of a general denial. There are

other allegations in the counter affidavit deemed to be immaterial and of no relevancy concerning the question as to whether defendant was in contempt of court.

On March 26, 1948, the court—Judge Latourette presiding—after making an earnest but futile effort to have the parties adjust their differences, entered a decree dismissing the suit for separate maintenance and the cross complaint of the defendant.

Judge Latourette refused to sit in the contempt proceeding, and that cause came on for hearing before Honorable George Duncan, Circuit Judge. The contempt proceeding was continued from time to time for various reasons, but on December 31, 1948, the court entered findings of fact which, so far as material herein, are as follows:

"(4) That defendant has paid the sum of $880, pursuant to the order in said suit of Matheny v. Matheny, No. 32,520. That this amount gives the defendant $100 credit for the month of August, 1946.

"(5) That the total amount due the plaintiff, by virtue of the order in said case of Matheny v. Matheny, was and is the sum of $2,015.

"(6) That there remains unpaid by defendant, pursuant to said order, the sum of $1,135.

"(7) That plaintiff has failed to sustain the burden of proof as to defendant's ability to pay this sum."

Based on the findings of fact, a judgment was entered in favor of the defendant and the proceeding was dismissed.

■ Counsel for appellants, after oral argument, has with commendable frankness conceded that in this quasi criminal proceeding the court on appeal does not weigh the evidence but determines whether there is any sub-

stantial evidence to support the judgment. We are not concerned with questions of fact. The findings of fact of the Circuit Court are conclusive if supported by any substantial evidence. *State ex rel. Bassett v. Bassett,* 166 Or. 628, 113 P. (2d) 432, 114 P. (2d) 546; *State ex rel. Mahoney v. McKinnon, et al.,* 8 Or. 487.

That part of appellants' brief pertaining to questions of fact and upon which an assignment of error has been based merits no extended discussion. Assignment of error number one:

"The court erred in finding as a fact that the Defendant had paid the sum of $880.00 pursuant to the order which was the basis of Appellant's contempt proceeding."

Appellants contend that the defendant was entitled to credit of only $525.00. Relative to the above assignment, in the brief of appellants it is stated:

"No point or authorities are cited in support of this assignment of error as the question involved is solely one of fact."

We agree.

■ The principal assignment of error is based on the seventh finding of fact, namely, that the appellants had failed to sustain the burden of proof with reference to defendant's ability to pay. It is the contention of the appellants that the burden of proof is upon the defendant to show his inability to pay and in support thereof cite *State ex rel. Blackwell v. Blackwell,* 181 Or. 157, 179 P. (2d) 278, 1023. We do not so consider that decision. In fact, we think it is a complete answer to the contention of the appellants. In that case we said:

"Proof of the divorce decree and the failure to comply therewith as to payments constituted a

prima facie case of contempt. To overcome this prima facie case, it was necessary for the defendant affirmatively to show his inability to comply with the decree relative to payments. The burden of proceeding with the evidence rested upon the defendant, but the burden of proof did not shift and it remained for the relatrix to establish by a preponderance of the evidence that there was a wilful disobedience of the defendant to make the payments as decreed by the court. In some jurisdictions, the guilt of the contemner must be established by proof beyond a reasonable doubt. In this state, however, it is sufficient to establish the charge of contempt by the greater weight of the evidence.

"It is not the policy of the law to punish any person for failure to do something impossible for him to do. Inability to pay is a complete defense, unless the conduct of the defendant is contumacious. State ex rel Mallett v. Shannon, 155 Or. 382, 64 P. (2d) 87; State ex rel Hall v. Hall, 153 Or. 127, 55 P. (2d) 1102.

"The financial condition of defendant was a matter peculiarly within his own knowledge, and, when charged with failure to comply with the decree of the court as to payment of money, it was incumbent upon him, if seeking to excuse his failure to make the payments, to make a full and complete disclosure of the facts showing his inability to pay. It is presumed that, when the court entered the decree of divorce fixing the amount of money that the defendant should pay, it was made only after a consideration of the financial condition of the defendant and his ability to pay. If subsequent to the decree of divorce there had been a change in his financial condition, the burden of proceeding with the evidence to overcome the prima facie case, as above stated, rested on him."

In our opinion, appellants have failed to distinguish between burden of proof and the burden of proceeding with the evidence to overcome a prima facie case.

■ It is finally urged that the court erred in admitting evidence of defendant's inability to pay. Appellants objected to the introduction of evidence tending to show defendant's inability to pay for two reasons: (1) that it was not proper to receive such evidence on rebuttal; and (2) that the evidence was not admissible under the pleadings. The first proposition concerns the order of proof, and that is a matter resting within the sound discretion of the trial court. We see no abuse of discretion exercised in the instant proceeding. Appellants' second proposition is not sustained by *State ex rel. Grover v. Grover,* 158 Or. 635, 77 P. (2d) 430. In that case we said:

"It was not necessary to aver the ability of the defendant to pay the alimony, as such matter is one of defense."

We did not say that such defense must be pleaded or proven. However, relatrix in her affidavit averred that defendant was "able to pay the same." Such allegation was denied by the defendant. The inability of the defendant to pay was, therefore, an issue under the pleadings, although it was unnecessary to have made any allegation in reference thereto. It was incumbent upon the plaintiffs to show a wilful disobedience of the order relative to payment of money for support of the relatrix and her children. It is difficult to understand how there could be a wilful disobedience on the part of the defendant if, in fact, he was unable to comply with the order of the court.

■ Appellants cite *State ex rel. Casey v. Casey,* 175 Or. 328, 153 P. (2d) 700, 172 A. L. R. 862, in support of their contention that it was incumbent upon the defendant to plead and prove his inability to comply with the order of the court, but we think there was

no intention of the court in that decision to place the burden of proof upon the defendant nor to require him to formally plead inability to pay.

Since the record without doubt contains substantial evidence tending to show that the defendant was unable to comply with the order of the court, its findings in reference thereto must be sustained. The judgment of the Circuit Court in favor of the defendant and dismissing this proceeding is affirmed.