Argued October 28, affirmed November 21, 1969. Petition for review allowed by Supreme Court January 20, 1970. 

## STATE OF OREGON, *Respondent, v.*
## GERALD O'MALLEY, *Appellant.*

461 P. 2d 832

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the briefs for appellant.

240

· F. LaGard Smith, Deputy District Attorney, Vale, argued the cause for respondent. With him on the brief was H. Clifford Looney, District Attorney, Vale.

LANGTRY, J.

This is an appeal from a finding of contempt against defendant for failure to comply with a subpoena to appear as a witness in a gambling case in Malheur County. ORS 33.010(1)(j). He had also been subpoenaed previously to appear as a witness at the same time in Baker County and obeyed that subpoena. A previous conviction for the same alleged contempt was reversed by the Oregon Supreme Court in *State v. O'Malley,* 248 Or 601, 435 P2d 812 (1968). This appeal is heard in this court pursuant to an order of the Supreme Court transferring it here under authority of Oregon Laws 1969, ch 198, sec. 15.

Briefly, the history of the matter is that on January 9, 1967, after a hearing, the circuit judge entered a written order extensively reciting facts found and from which the court concluded, "* * * the defendant should be adjudged guilty of wilful contempt of the above-entitled court in failing to obey the above-entitled court's Command to Appear," and assessed a penalty. It was from this order that the defendant first appealed, and in a 4 to 3 decision the majority of the Supreme Court held:

"Contemnor next contends that there is no finding that his failure to appear was willful or with bad intent. With this we agree. There is no such finding and in its absence the findings will not sustain a contempt. *State v. Yates,* 208 Or 491, 302 P2d 719 (1956). It is not clear from the record why the court made no such written finding. * * * It is more probable that the omission of a finding of willfullness was inadvertent. In any

event, findings which do not include a finding that contemnor's failure to appear was willful, are insufficient to sustain guilt. *State of Oregon v. Yates,* supra. The judgment of the trial court must therefore be reversed." 248 Or at 609.

The majority required that the proceeding go back to the circuit court, "* * * for the purpose of entering a finding on whether contemnor's failure to appear was willful. If contemnor's failure is found to be willful, a new judgment of guilt and sentence should be entered; if not, the proceeding should be dismissed." The requirement of the Supreme Court could have been met by the trial judge on the evidence previously taken, but the judge held another hearing. The transcript of the first hearing is 32 pages—that of the second is 155 pages.

The decision of the majority of the Supreme Court reasoned that contemnor had a "duty" to make an "extraordinary" effort to comply with both subpoenas, by "contacting the authorities and informing them of the conflict." Doing so by a letter telling of the conflict which was delivered to the judge in Malheur County at the start of the trial there was held to be insufficient extraordinary effort. Nothing additional about contemnor's efforts to appear in both trials through contact with the authorities was produced at the second hearing.

The requirement of the remand was fulfilled by the trial court's new judgment. Contemnor in this appeal cogently argues to the effect that the basis of the former majority decision is wrong.

We cannot consider such an argument, regardless of its merit, for we are bound by the majority opinion. The judgment is affirmed.