Argued on review May 4, reversed May 13, 1970

STATE OF OREGON, *Respondent, v.*
GERALD O'MALLEY, *Appellant.*

469 P2d 36

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed briefs for appellant.

*F. LaGard Smith*, Deputy District Attorney, Vale, argued the cause for respondent. With him on the brief was H. Clifford Looney, District Attorney.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

McALLISTER, J.

This is our second consideration of the predicament of Gerald O'Malley, who was served with two subpoenas requiring his attendance as a witness on the same day, at substantially the same time, in cities 90 miles apart. He obeyed the subpoena which was served first, and was found in contempt by the Circuit Court of Malheur County, from which the second subpoena had issued. He appealed that judgment to this court, and we reversed and remanded in *State v. O'Malley*, 248 Or 601, 435 P2d 812 (1968). The court was divided on that occasion, the majority holding that a judgment of contempt was proper if the trial court found that O'Malley's failure to appear in Malheur County was willful. The trial court had not made a finding on this

question, and for this reason the case was remanded. Three members of the court dissented from the holding that O'Malley's failure to appear could constitute contempt.

The trial court held a new hearing and took additional evidence on the question of willfulness, but no material change in the basic facts as set forth in our original decision appeared. The trial judge found that O'Malley's failure to appear was willful and again entered a judgment of contempt. O'Malley appealed again, this time to the Court of Appeals, which had been created in the meantime. That court affirmed, declaring itself bound by our decision although apparently not convinced that it was correct. *State v. O'Malley*, 1 Or App 239, 461 P2d 832 (1969). We granted a petition for review.

 A majority of the court is now of the opinion that, for the reasons stated in the dissent to our original decision, O'Malley cannot be held in contempt. The original opinion is, therefore, overruled and the judgment of contempt is reversed.

HOLMAN, J., dissenting.

I dissent for the reasons set forth in the majority opinion in *State v. O'Malley*, 248 Or 601, 435 P2d 812 (1967).

DENECKE, J., joins in this dissent.