Argued and submitted September 21, 1987, reversed July 20, reconsideration denied September 23, petition for review denied November 1, 1988 (307 Or 101)

### STATE OF OREGON,
*Appellant,*

*v.*

### JAMES THOMAS MAURO,
*Respondent.*

(10-85-09703; CA A41727)

757 P2d 454

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jay W. Frank, Eugene, argued the cause for respondent. With him on the brief was Moule & Frank, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

The state appeals defendant's judgment for indemnity, ORS 33.110, which the court granted after it held the state in contempt for wilful violation of its order to return defendant's car and scale. The state assigns as errors that the court found that the state was in wilful contempt and awarded judgment to defendant.[1] We reverse.

On July 30, 1985, Eugene police searched defendant's home pursuant to a warrant and seized several items, including a scale. Defendant was indicted for unlawful possession of a controlled substance, ORS 475.992(4), and unlawful possession of a weapon. ORS 166.250. He pled not guilty to both charges. On September 11, 1985, he moved for an order to return the scale to him. ORS 133.633. On October 21, 1985, the court ordered that the motion be disposed of at a subsequent omnibus hearing, ORS 135.037, but the record does not show that an omnibus hearing was ever held.

On November 30, 1985, Springfield police seized a Cadillac automobile from defendant.[2] Defendant was then separately charged with conspiracy to deliver a controlled substance. ORS 161.450; ORS 475.992(2). On March 11, 1986, he pled guilty to unlawful possession of a controlled substance and conspiracy to deliver a controlled substance. At the sentencing hearing, defendant orally renewed his motion for return of the scale and orally moved for return of the car.

On April 8, 1986, the court held a hearing on the motions. The state opposed the return of the scale on the basis that defendant might use it for illegal purposes. It did not know that the Eugene police had already destroyed it. It did not oppose the return of the car, but was unaware that the Springfield police had already released the car to a third party. The court ordered the state to return the scale to defendant's attorney and to return the car to defendant. The state did neither.

On defendant's motion, the court ordered the state to show cause why it should not be held in contempt. At the

---

[1] We need not reach the state's other assignments.

[2] The record does not disclose whether the Springfield Police Department seized the car pursuant to a warrant.

hearing on May 19, 1986, the state told the court that it had not obeyed the order to return the scale, because the Eugene police had destroyed it in December, 1985, and that it had not obeyed the order to return the car, because the Springfield police had released the car to a third party not later than January, 1986. The state explained that it only learned that the scale and car were unavailable after the April 8 hearing. On June 11, 1986, the court held that the state was in contempt for wilful violation of the court's orders to return the car and the scale and ordered it to indemnify defendant for their values, the amount to be determined at a subsequent hearing pursuant to ORS 33.110. Although no hearing was held, the court, on September 15, 1986, entered a judgment for $1800 ($1500 for the car, $300 for the scale), plus interest from April 15, 1986.

■    Both assignments of error raise the underlying question of whether the state was in contempt of the orders to return the scale and the car. Defendant, however, asserts that we cannot review the merits of the contempt order, because the state did not appeal from that order. *See* ORS 33.150; ORS 19.010(4).[3] In *Strain v. Griffin,* 290 Or 535, 624 P2d 106 (1981), the court held that the defendant could appeal from an order of contempt under which he was imprisoned. The basis of its reasoning was that "the punishment of a contempt, being the final determination of the rights of the parties in a special proceeding, was to be denominated a judgment." 290 Or at 541. Here, however, the court did not impose a punishment. It ordered the state to indemnify defendant and directed that the amount be determined at a future hearing. The state could not appeal from the contempt order, because it was not a judgment or final determination of the rights of the parties. *See* ORS 19.010(2). The state properly appealed from the court's

---

[3] ORS 19.010(4) states:

"Any appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

ORS 33.150 states:

"Either party to a judgment in a proceeding for contempt may appeal therefrom, in like manner and with like effect as from a judgment in an action, but the appeal shall not stay the proceedings in any other action, suit or proceeding, or upon any judgment, decree or order therein, concerning which or wherein such contempt was committed."

subsequent imdemnity judgment, and the contempt order is reviewable on the appeal as an "intermediate order involving the merits or necessarily affecting the judgment * * * appealed from * * *." ORS 19.140.

On the merits, the state argues that it established a complete defense to contempt, because it was unable to return the car, which the Springfield police had already released to someone else, and the scale, which the Eugene police had already destroyed. *See State v. O'Malley*, 255 Or 544, 469 P2d 36 (1970), *overruling* 248 Or 601, 435 P2d 812 (1967). Defendant responds that the defense is unavailable, because the state was not without fault. He claims that the state acted negligently or wilfully when it destroyed the scale, through its agents, the Eugene Police, and he asserts that the state could have recovered the car.

■  We hold that the court erred when it found that the state wilfully failed to obey its order to return the scale. There is no evidence to support the court's finding of wilfullness. The evidence is undisputed that the state could not have returned the scale when the court ordered it to do so. It had been destroyed four months earlier. Even assuming, without deciding, that the Eugene police were the state's agents and that their actions were negligent or wilful, the state did not violate any order when it destroyed the scale, because the order did not then exist.

■  The court also erred when it held the state in contempt for failing to return the car. Although the Springfield police had delivered the car to a person who it believed was the true owner, the state did not prove that it could not, as a matter of law, obey the court's order to return the car to defendant. The state did not show that it tried to obtain the car from the third party either by asking for it or by trying to purchase it.

That, however, does not end our inquiry. We review to determine if there is substantial evidence that the state acted (1) wilfully and (2) with "bad intent." *State ex rel Oregon State Bar v. Wright*, 280 Or 713, 720, 573 P2d 294 (1977). The court found that "there was a wilful failure on the part of the Eugene [*sic*] Police Department to return defendant's car." Assuming, without deciding, that the Springfield police were the state's agents in this matter, the court's order did not find

that the state acted with bad intent when it did not attempt to regain the car from the third party, and the record contains no evidence of bad intent.

ORS 33.110 states:

"If any loss or injury to a party in an action, suit or proceeding, prejudicial to the rights of the party therein, has been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover from the defendant a sum of money sufficient to indemnify the party, and to satisfy costs and disbursements of the party, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury."

The state was not guilty of contempt. Defendant's loss, therefore, could not have been caused by the state.

Reversed.