Argued and submitted November 5, 1990, affirmed February 6, 1991

# STATE ex rel Miriam EMERY,
*Respondent,*

*v.*

# Amir K. ANDISHA,
*Appellant.*

## (D8910-67845; CA A63502)

805 P2d 718

Deni Starr, Portland, argued the cause and filed the brief for appellant.

Yuan Xing Chen, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals a judgment of criminal contempt for violating a restraining order under the Family Abuse Prevention Act, ORS 107.700 *et seq*. The order, issued under ORS 107.718,[1] restrained defendant "from molesting, interfering with, or menacing [plaintiff] and the minor children in [her] custody" and from entering her home, school, church and day care location. The trial court found that defendant violated the order by making a telephone call to plaintiff's son. Defendant argues that the court erred in holding him in contempt, because the order was so vague that he could not have known that the call was prohibited. We affirm.

Plaintiff lives with her 14-year-old son and 5-year-old daughter. Defendant and plaintiff are the parents of the girl. The restraining order was issued after plaintiff alleged that defendant entered her home while drunk and would not let the person babysitting the daughter leave or make a phone call. He told his daughter that he would "blacken [plaintiff's] face." He hit plaintiff when she returned home. A few days after the restraining order had been imposed, defendant called plaintiff's house in the evening and spoke with her son. He told the boy that his mother was sick, that she needed mental help and that he wanted to meet him in the neighborhood. The call upset both the boy and plaintiff.

After a show cause hearing, the court found

"that a restraining order was entered on October 19th, was served on Mr. Andisha the same day, and he had knowledge of it. And that on October 22nd, 1989, Mr. Andisha did willfully

---

[1] ORS 107.718 provides:

"(1) * * * Upon a showing that the petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition and that there is an immediate and present danger of further abuse to the petitioner, the court shall, if requested, order * * *:

"* * * * *

"(d) That either or both of the parties be restrained from molesting, interfering with or menacing the other;

"(e) That the respondent be restrained from molesting, interfering with or menacing the minor children whose custody is awarded to the petitioner; or

"(f) That the respondent be restrained from entering on any premises when it appears to the court that such restraint is necessary to prevent the respondent from molesting, interfering with or menacing the petitioner or with the minor children whose custody is awarded to the petitioner."

violate that order by—particularly the first part of it which restrains him from interfering, or menacing the petitioner and her minor children in the petitioner's custody in that he called the home of Mrs. Emery and talked to one of those children, Michael, and harassed and interfered with, and menaced him, and therefore Mr. Andisha is in willful contempt of court."

Defendant argues that the trial court erred in holding him in contempt for violating the order, because the prohibited conduct was not "clearly defined."[2] He contends that the order that restrained him from "molesting, interfering with or menacing" petitioner or her minor children was so vague that he could not have known that his telephone call was prohibited.[3]

 The terms "molest," "interfere" and "menace" are not defined in the statute. Accordingly, we apply the plain and ordinary meaning of the words. *State v. Pyritz,* 90 Or App 601, 605, 752 P2d 1310 (1988). "Molest" means to "annoy, disturb or persecute, especially with hostile or injurious effect." *Webster's Ninth New Collegiate Dictionary* 764 (1990). Although it sometimes connotes sexual abuse, it can also mean general harassment. *State v. Ellis,* 243 Or 190, 194, 412 P2d 518 (1966). "Interfere" means "to interpose in a way that hinders or impedes" or "to take part in the concerns of others." *Webster's Ninth New Collegiate Dictionary* 631 (1990); *see People v. Del Toro,* 155 Colo 487, 395 P2d 357 (1964). "Menace" means "to make a show of intention to harm" or "to act in a threatening manner." *Webster's Ninth New Collegiate Dictionary* 741 (1990).

 We conclude that the restraining order was sufficiently clear that a reasonable person would understand that the call was prohibited by the order. The evidence supports the conclusion that defendant did interfere with, menace and molest plaintiff and her son. *See State ex rel Delisser v. Hardy,* 89 Or App 508, 749 P2d 1207 (1988). Defendant also argues

---

[2] The court did not indicate what burden of persuasion it applied in reaching its decision, and defendant makes no assignment of error relating to that. We note, however, that both parties discuss the standard as being clear and convincing proof, which is not correct. In criminal contempt cases, the state has the burden to prove contempt beyond a reasonable doubt. *Hicks v. Feiock,* 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988); *Drevers and Drevers,* 308 Or 462, 781 P2d 343 (1989).

[3] Defendant does not rely on any provision of the Oregon or United States Constitution in making this argument.

that, even if he did violate the order, it was not a wilful violation and, therefore, cannot support a contempt judgment. Defendant concedes that he made the call but argues that his intent was to express concerns about plaintiff and to arrange a meeting with the boy outside the area that he was restrained from entering. However, the trial court found that he had harassed, interfered with and menaced the boy and thereby violated the restraining order wilfully.[4] The record supports the findings and the conclusion.

Affirmed.

---

[4] Defendant does not argue that the trial court had to make findings of both "wilfulness" and "bad intent." *See State ex rel United Financial Systems v. Holst,* 102 Or App 247, 794 P2d 7 (1990); *see also Couey and Couey,* 105 Or App 478, 805 P2d 716 (1991).