Argued and submitted November 5, 1990, judgment vacated and remanded for further proceedings February 6, reconsideration denied April 24, petition for review allowed May 28, 1991 (311 Or 426)

In the Matter of the Marriage of

Shirley Gean COUEY,
nka Shirley Badger,
*Petitioner,*

*and*

Glen Lee COUEY,
*Respondent.*

STATE ex rel Shirley BADGER,
*Respondent,*

*v.*

Glen Lee COUEY,
*Appellant.*

(28564; CA A62175)

805 P2d 716

Theresa M. Welch, Wilsonville, argued the cause and filed the brief for petitioner.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals a criminal contempt judgment for wilful failure to obey an order to pay child support. ORS 33.010(1)(e). He was sentenced to 120 days in jail and required to provide records of his assets and sign documents necessary to clear title on them. Defendant contends that the trial court erred because, although it found that his actions were done wilfully, it failed to make a finding of bad intent to support the contempt judgment. We agree.

By a 1974 divorce decree, defendant was ordered to pay plaintiff $125 a month support for the children until they reached age 18 or, if they should attend college, until they reached 21. In 1981, the court ordered that defendant pay $100 per month child support and another $100 each month toward his arrearage on the support payments. At the contempt hearing in 1989, plaintiff testified that defendant was approximately $18,500 in arrears and that his children, ages 19 and 21, were both still in college.

Defendant has had limited income in the last few years. He had entered a drug treatment program in 1987 after spending 24 months in prison. He left the program early and has held various jobs since. He had picked peaches and planted blueberries for relatives, felled trees and worked at a gas station. He was injured at the gas station and, at the time of the hearing, had a pending workers' compensation claim.

In the spring of 1989, defendant received a $15,000 inheritance. None of the money went to pay child support; instead he purchased a recreational vehicle for $6,800 and invested in a business selling hand warmers. He made his two children officers in the corporation; they never received any money from the corporation, although they did receive monthly bills for about $400 from a telephone answering service. Defendant testified that he was optimistic that he would get several large logging contracts and that he had other investments in the works. He did not furnish enough records for the court to determine his assets.

Following a show cause hearing, the trial court found defendant in contempt for failure to obey a court order:

"THE COURT: Here's the situation, basically. And that is that — I don't want to go too far beyond this hearing. But

basically, Mr. Couey, what you told isn't going to fly. I mean, you know, what you said here in court, half of it I don't believe at all.

"THE DEFENDANT:  I told the truth, Your Honor.

"THE COURT:  Well, you may have told the truth and you may, in your own mind, believe it, but you know, there's no bank that's going to issue you financing for $100,000 loan on a piece of property. I mean, they're just not going to do it.

"And I'm not — I'm just — I'm not criticizing you, necessarily for saying these things. I think you've got a reason for saying them and you've got a lot of problems that you've got to deal with. But basically what happened is you got the $15,000 and it's all gone.

"* * * * *

"THE COURT:  * * * I think basically a lot of your problems are related to mental health problems and alcohol, as opposed to problems of your being intentionally trying to be a bad guy.

"I don't think you intentionally set out to cheat your ex-wife of the support and blew the money like some people that come in front of me. I think you just started out on a series of things you thought you could put together, some deals, and they just didn't fly, obviously."

■     Defendant concedes that he did not pay child support and that he had an obligation to do so. He contends, however, that there was insufficient evidence to support the contempt judgment, that the trial court did not find that he acted in bad faith and that, in fact, the evidence shows that he acted in good faith.

■■     We review an order of contempt to determine if there is substantial evidence to support the trial court's determination that the defendant acted wilfully and with bad intent. *State v. Mauro,* 92 Or App 194, 757 P2d 454, *rev den* 307 Or 101 (1988). There was sufficient evidence to support the trial court's determination that defendant acted wilfully. The court, however, did not make a finding whether, in disobeying the support order, defendant acted with bad intent. The state contends that a finding of wilfulness automatically includes a finding of bad intent. However, because a finding of wilfulness alone does not necessarily show that a contemnor acted with bad intent, a separate finding of bad intent is required to support a contempt judgment. *State ex rel Oregon State Bar v.*

*Wright,* 280 Or 713, 573 P2d 294 (1977); *State ex rel United Financial Systems v. Holst,* 102 Or App 247, 794 P2d 7 (1990); *State v. Mauro, supra,* 92 Or App at 198. Accordingly, we vacate the contempt judgment and remand for findings on the issue of intent. If the court finds the requisite intent, the contempt judgment shall be reinstated; if the intent is not found, the proceeding shall be dismissed.

Judgment vacated and remanded for further proceedings not inconsistent with this opinion.