Argued and submitted July 10, the decision of the Court of Appeals reversed and the judgment of the circuit court affirmed December 12, 1991

In the Matter of the Marriage of

Shirley Gean COUEY,
nka Shirley Badger,
*Petitioner,*

*and*

Glen Lee COUEY,
*Respondent.*

STATE ex rel Shirley BADGER,
*Petitioner on Review,*

*v.*

Glen Lee COUEY,
*Respondent on Review.*

(CC 28564; CA A62175; SC S37940)

821 P2d 1086

Jas. Adams, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Theresa M. Kohlhoff, Wilsonville, argued the cause for respondent on review.

CARSON, C. J.

## CARSON, C. J.

The issue in this case is whether a trial court must find that a party acted both willfully *and* with bad intent before it may find the party guilty of contempt. The trial court found that respondent father willfully had disobeyed a court order, and it found him guilty of contempt. The Court of Appeals vacated the contempt judgment and remanded the case to the trial court to make findings on whether respondent had acted with a "bad intent." *Couey and Couey*, 105 Or App 478, 805 P2d 716 (1991). We reverse the decision of the Court of Appeals, and affirm the judgment of the trial court.

By a 1974 decree of dissolution, respondent was ordered to make monthly child support payments. After respondent failed consistently to make the payments (notwithstanding his receipt of a significant inheritance), the trial court issued an order for respondent to show cause why he should not be held in contempt for his failure to comply with the order. After a hearing, the trial court made this finding:

> "The court finds that, under ORS 33.010[1](e), respondent is in wilful contempt of the decree herein in that he has wilfully failed to pay child support as ordered in that decree."

ORS 33.010(1)(e)[1] provided, in part, that "[d]isobedience of any lawful judgment, decree, order or process of the court" constituted contempt "of the authority of the court." Although the word "willfully" does not appear on the face of the statute, this court long has recognized the requirement of "willfulness":

> "This court has held that, in a contempt proceeding for 'disobedience of any lawful judgment, decree, order or process of the court,' as provided by ORS 33.010(1)(e), there must be evidence sufficient to support a finding that such a violation was 'willful' and that 'punishment for civil contempt should be restricted to cases in which the violation of a court order is willful and with "bad intent." ' " *See State of Oregon v. Yates*, 208 Or 491, 498-99, 302 P2d 719 (1956), and cases cited therein. *See also State v. O'Malley*, 248 Or 601, 605, 435 P2d 812 (1967), *overruled on other grounds* 255 Or

---

[1] *Former* ORS 33.010 was repealed by Oregon Laws 1991, chapter 724, section 32. It was replaced by ORS 33.015. The new provision states that "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments," if done "willfully," constitutes contempt of court. ORS 33.015(2)(b).

544, 546, 469 P2d 36 (1970)." *State ex rel Oregon State Bar v. Wright*, 280 Or 713, 715, 573 P2d 294 (1977).

Petitioner mother argues that "willfulness" and "bad intent" are the same for these purposes and that the Court of Appeals erred in vacating the trial court's judgment on the ground that there was no finding of "bad intent." For the reasons discussed below, we agree with petitioner.

Several early cases decided by this court gave rise to the requirement that conduct constituting contempt be willful and with a bad intent. In *Rust v. Pratt*, 157 Or 505, 510, 72 P2d 533 (1937), the court quoted with approval the trial court's statement that contempt "is the wilful disregard of the authority of a court of justice." In *State ex rel Grover v. Grover*, 158 Or 635, 639, 77 P2d 430 (1938), a case involving contempt for failure to comply with a decree ordering payment of spousal support, the court addressed whether the defendant had "willfully" disobeyed the decree. The court quoted a sentence from *Felton v. United States*, 96 US 699, 702, 24 L Ed 875 (1877):

> "Doing or omitting to do a thing knowingly and wilfully, implies not only knowledge of the thing, but a determination with a bad intent to do it or to omit doing it."

That was this court's first reference to "bad intent" in the contempt setting. As the passage set out above suggests, the court quoted *Felton* to illuminate, not add to, the meaning of the term "willfully."

*Grover* was quoted in *State of Oregon v. Yates*, 208 Or 491, 498, 302 P2d 719 (1956) ("It is perhaps significant that we have expressed the view that punishment for civil contempt should be restricted to cases in which the violation of a court order is wilful and with 'bad intent.' "). In *State v. O'Malley*, 248 Or 601, 605, 435 P2d 812 (1967), *overruled on other grounds* 255 Or 544, 546, 469 P2d 36 (1970), the court stated specifically that, "[i]n a contempt proceeding, willfully means 'with a bad intent,' " citing *State ex rel Grover v. Grover, supra.*

These cases demonstrate that this court never intended to make "bad intent" an element separate from the requirement of "willfulness." The Court of Appeals in this case cited our opinion in *State ex rel Oregon State Bar v.*

*Wright, supra,* for the proposition that, "because a finding of wilfulness alone does not necessarily show that a contemnor acted with bad intent, a separate finding of bad intent is required to support a contempt judgment." *Couey and Couey, supra,* 105 Or App at 481.[2] However, *Wright* does not stand for that proposition.

In *Wright,* the defendant (a nonlawyer) was found in contempt for violating a temporary injunction that restrained him from engaging in the practice of law. This court found that there was insufficient evidence to support the trial court's finding that the defendant's conduct was "willful and with bad intent." 280 Or at 720. Each of the several times that this requirement was mentioned in the opinion, it was stated in the conjunctive. The court in *Wright* did not intend the "willfulness and with bad intent" requirement to comprise two separate elements. Its dual formulation was simply a stylistic choice based on the wording of earlier cases.

■    We agree with the Court of Appeals that there was sufficient evidence to support the trial court's determination that respondent acted willfully. For the purpose of *former* ORS 33.010(1)(e), a *prima facie* case of contempt is shown by proof of (1) the existence of a valid court order; (2) the contemnor's knowledge of the order; and (3) voluntary noncompliance with the order. In this context, a finding of willful disobedience of a valid court order *is* a finding that the contemnor acted with bad intent and is sufficient to support a contempt judgment. We hold that a trial court need not make separate findings regarding willfulness and bad intent to support a judgment of contempt.

The decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed.

---

[2] The Court of Appeals also has imposed this requirement in *State ex rel United Financial Systems v. Holst,* 102 Or App 247, 249, 794 P2d 7 (1990), and *State v. Mauro,* 92 Or App 194, 198, 757 P2d 454, *rev den* 307 Or 101 (1988). The holdings in those cases are disapproved to the extent that they are inconsistent with our holding in this case.