Larry Welch, Director Kansas Bureau of Investigation 1620 Tyler Topeka, Kansas 66612
Dear Mr. Welch:
You have requested our opinion regarding prioritization of subpoenas. You indicate concern has risen because some bureau agents and scientists are subpoenaed to testify in separate courts on the same day. In particular, you have asked:
1. Do federal subpoenas have priority over an earlier properly served state subpoena?
2. Is there a rule regarding the priority of a subpoena personally served on a person and a subpoena served through the mail or by fax?
3. If compliance with two subpoenas becomes dangerous or unreasonable must the KBI file a motion to quash?
The federal laws addressing subpoenas are rule 45 of the federal rules of civil procedure and rule 17 of the federal rules of criminal procedure. Rule 45 provides that:
"(1) Every subpoena shall:
"(A) state the name of the court from which it is issued; and
 "(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and
 "(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents, or tangible things in the possession, custody or control of that person, or to permit inspection of the premises, at a time and place therein specified;. . . ."
The language of rule 17 is essentially the same. Fed.R.Crim.P. 17(a).
The state laws regarding subpoenas are K.S.A. 1993 Supp. 60-245
and K.S.A. 22-3214. K.S.A. 1993 Supp. 60-245 provides that:
 "(a) Every subpoena for attendance of a witness shall be issued by the clerk under the seal of the court or by a judge, shall state the name of the court and the title of the action, and shall command each person to whom it is directed to attend and give testimony at a time and place specified in the subpoena."
K.S.A. 22-3215 provides that:
 "(1) The prosecution and any person charged with a crime shall be entitled to the use of subpoenas and other compulsory process to obtain the attendance of witnesses. Except as otherwise provided by law, such subpoenas and other compulsory process shall be issued and served in the same manner and the disobedience thereof punished the same as in civil cases."
 Both the state and the federal subpoena statutes provide that "failure by any person without adequate excuse to obey a subpoena served upon the person . . ." will be considered in contempt of court. See
Fed.R.Civ.P. 45(e); Fed.R.Crim.P. 17(g); K.S.A. 1993 Supp. 60-245(g). (Emphasis added).
To respond to your questions, we must determine what is an "adequate excuse." The practice commentaries to the federal rules of civil procedure and rule 45 state that:
 "No general effort is made in Rule 45 to elaborate what an `adequate excuse' is. The issue must always turn on the facts of the particular case, and any effort to offer a detailed prescription would amount to nothing but an endless progression of illustrations and would cover a tome. The issue is thus left to the case law, and the case law on the matter is abundant." U.S.C.A. Fed.R.Civ.P. 45(e), C45-26.
There is no case law or specific statutory authority which gives federal subpoenas priority over state subpoenas. Additionally, there are only two cases which address the matter of what an individual should do if they are subpoenaed by two separate courts for the same day. These cases are Icehour v. Martin, 44 N.C. 478 (1853) and State v. O'Malley,435 P.2d 812 (Or. 1967); rev. 469 P.2d 36 (Or. 1970).
In Icehour, the defendant received a subpoena to appear in the superior court on one day and on the next day he received a subpoena to appear in a county court. Both of these subpoenas required him to appear on the same day. 44 N.C. at 478. The defendant chose to testify at the county court. The North Carolina Supreme Court addressed the question of whether the subpoena he received first carried with it a "paramount right" over the second subpoena. Id.
The court noted that these cases seldom occur and that there had been no provisions made by the North Carolina legislature. 44 N.C. at 479. The court then stated that it could not create new law and it ". . . can see no reason why a witness in such a case may not make his election atwhich place to attend." Id. (Emphasis added).
In O'Malley, an individual was subpoenaed on December 6 to appear in a Baker county court and on December 7 he received another subpoena to appear in a Malheur county court. 435 P.2d at 813. Both subpoenas required that he appear on Monday, December 12 at 9:30 A.M. Id. The distance between the two courts was 90 miles. The defendant chose to appear at the Baker county court. Id. In addition to not making the required appearance at the Malheur court, he failed to notify the court he had a conflicting court date. Id.
Initially, the Oregon Supreme Court found that if the individual had willfully failed to appear he would then be guilty of contempt.435 P.2d at 816. After remand, the Supreme Court held that a circuit judge may not charge a witness with contempt for failure to give notice in advance of inability to obey a subpoena. O'Malley, 469 P.2d at 36.
Based upon these two cases, it appears that an individual who is subpoenaed by two separate courts may select which to attend if they are subpoenaed for the same day. However, subpoenaed witnesses should, when possible, notify the other court that they will not be able to attend and their reason for not attending. The rational for this notification was set forth in the initial O'Malley opinion. There the court stated that a person under subpoena must:
 "make a reasonable effort to contact the court or officer issuing the subpoena if, for some reason he deems legitimate, the person believes an appearance at the appointed time is impractical or impossible. There are two reasons for this requirement. First, the person subpoenaed cannot be certain appearance is impractical or impossible until the court or officer issuing the subpoena is alerted to the possibility that the witness may not appear. It may be that compliance can be arranged at a time possible for all. Second, the same thing can happen that occurred in the case in which contemptor failed to appear. The litigant who has procured the issuance of the subpoena, and who has no notice of the nonappearance, will have his case dismissed for insufficient evidence. The administration of justice is the concern of everyone and requires no less than a maximum effort by all citizens." 435 P.2d at 814.
Based on the foregoing discussion, we opine that there is no priority between subpoenas based either on jurisdiction or on how or when an individual is served. If a witness is subpoenaed to appear in two separate courts and appearance in both courts is impractical or impossible, the witness may choose which subpoena to honor. However, that individual should notify the other court in an order to show cause why they cannot be present at the time subpoenaed.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Lawrence J. Logback Assistant Attorney General
RTS:JLM:LJL:bas