Submitted on record and briefs October 5, reversed and remanded
November 28, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LESLIE M. MONTGOMERY,
*Defendant-Appellant.*

Multnomah County Circuit Court
051272253; A131343

172 P3d 279

Garrett A. Richardson filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of contempt based on a finding that she willfully dialed her ex-husband's telephone number in violation of the terms of a restraining order. ORS 33.015(2)(b). Defendant asserted that she dialed the number accidentally. The trial court concluded that whether she did so accidentally was irrelevant to the question whether she acted in "willful" violation of the restraining order. Defendant contends on appeal that the trial court erred in applying the wrong legal standard in determining whether she acted "willfully." The state concedes the error. For the following reasons, we agree with the parties and reverse and remand.

At the close of the evidence, the state argued that defendant intentionally phoned her ex-husband and that her claim of having dialed the number by mistake was not credible. The court responded:

"The parties keep telling me 'intent.' The issue is willfulness, which is a different mens rea than intent * * *.

"However, the most recent case that deals with it is this Oregon Supreme Court case in a bar discipline proceeding, [*In re Chase*,] 339 Or 452[, 121 P3d 1160 (2005)]. And that case favors the state.

"It takes pains to distinguish the concept of willfulness from the issue of intent, and indicates with approval prior precedent, that proof that the party had knowledge of a valid order and failed to comply establishes a finding of willfulness under the contempt statutes, and distinguishes intent as a different mens rea.

"* * * * *

"[Defendant] made the call. I think that's a willful violation, as I understand the most recent—the most recent direction from the Court of Appeals [*sic*]. I—whether it was accidental or not, I don't think I need to reach under my analysis."

The question before us is whether the trial court erred in reading *Chase* to create a rule that accidental conduct may suffice to constitute "willful" conduct under the contempt statute.

ORS 33.015(2) defines "contempt of court" to mean the commission of any of a variety of listed acts, including "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments" when those acts are "done willfully." The statute does not define "willfully." The Supreme Court, however, has held that a finding of "willfulness" within the meaning of that statute requires a finding of "voluntary noncompliance" with a court order. *Couey and Couey*, 312 Or 302, 306, 821 P2d 1086 (1991); *see also Barrett and Barrett*, 320 Or 372, 377, 886 P2d 1 (1994).

In *Chase*, the Supreme Court again reviewed the meaning of the term, this time in the context of a lawyer disciplinary proceeding in which the accused had been found in contempt for failing to comply with a child support order. 339 Or at 454-55. The circuit court holding him in contempt explicitly found that he had acted "willfully." *Id*. at 454. In the disciplinary proceeding, the accused did not contest that fact; nor did he contest that he violated the applicable disciplinary rule. The only issue before the court was the appropriate sanction. One of the relevant considerations in setting a sanction was the accused's mental state. *Id*. at 455. In that regard, the accused argued that, although he knowingly violated the rule, he did not do so with the intent to benefit from the violation. The Bar responded that the circuit court's determination that the accused had "willfully" failed to pay support was dispositive. *Id*. at 456.

The Supreme Court disagreed with the Bar. It reasoned that "the Bar incorrectly equates 'willfulness,' as ORS 33.015(2) uses that term, with 'intent,'" as the latter term is used in applicable standards governing sanctions for violations of disciplinary rules. *Chase*, 339 Or at 457. The court noted that the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991) defined "intent" as "the conscious objective or purpose to accomplish a particular result," while the contempt statute defines "willfulness" without reference to such a conscious purpose. *Chase*, 339 Or at 455, 457.

The court did not, however, go so far as to say that merely accidental conduct suffices to establish "willfulness" under the contempt statute. Nothing in *Chase* suggests that

the court intended to depart from its prior cases interpreting ORS 33.015(2) and establish a rule of, in effect, strict liability. We conclude that the trial court erred in ruling that it is not necessary to determine whether defendant's violation of a prior court order was accidental in order to determine whether that violation was "willful" within the meaning of the contempt statute.

Reversed and remanded.